UNITED STATES of America, Plaintiff–Appellee,

v.

Sandtas METCALF, Defendant–Appellant.

No. 10–3319.

United States Court of Appeals, Tenth Circuit.

June 13, 2011.

James A. Brown, Office of the United States Attorney, Topeka, KS, Terra Morehead, Office of the United States Attorney, Kansas City, KS, for Plaintiff–Appellee.

Sandtas Metcalf, Terre Haute, IN, pro se.

Before BRISCOE, Chief Judge, ANDERSON, and MURPHY, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

Petitioner, Sandtas Metcalf, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the motion to vacate, set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA). In 2007, Metcalf pleaded guilty to possession with intent to distribute five grams or more of crack

cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The written plea agreement contained a waiver of Metcalf's right to directly or collaterally challenge his prosecution, conviction, or sentence. Metcalf was sentenced as a career offender under USSG § 4B1.1 based on three prior felony convictions—two involving controlled substances and one based on a failure-to-report-type escape. *See* USSG § 4B1.1 (providing a defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense").

The instant § 2255 motion was filed in the district court on July 22, 2010. Relying on *Chambers v. United States,* Metcalf argued he was erroneously sentenced as a career offender because his felony conviction for escape does not constitute a crime of violence. 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (holding that failure-to-report escape crimes are not crimes of violence). The Government argued, alternatively, that: (1) Metcalf's § 2255 motion was barred by the waiver, (2) *Chambers* does not apply retroactively to cases on collateral review, and (3) Metcalf's § 2255 motion was untimely because it was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions). In its order of dismissal, the district court rejected the Government's argument that *Chambers* does not apply retroactively. *See United States v. Shipp,* 589 F.3d 1084, 1089–90 (10th Cir.2009) (holding *Chambers* involved a new substantive rule and applying that rule retroactively to an appeal involving the Armed Career Criminal Act); *see also United States v. Charles,* 579 F.3d 1060, 1068–69 (10th Cir.2009) (applying the reasoning in *Chambers* to a case involving

USSG § 4B1.2(a)(2)). Using the date on which the Supreme Court decided *Chambers,* the district court nonetheless concluded Metcalf's § 2255 motion was untimely because it was not filed within the one-year limitations period. The court further concluded Metcalf failed to demonstrate any entitlement to equitable tolling of the one-year period and, accordingly, dismissed his § 2255 motion.[1] In his appellate brief, Metcalf does not address the district court's procedural ruling and does not present any argument that the district court miscalculated the one-year period or erroneously resolved the equitable tolling question.

To be entitled to a COA, Metcalf must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 474, 484–85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Metcalf's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Metcalf's request for a COA and **dismiss** this appeal. Metcalf's request to proceed *in forma pauperis* on appeal is **granted.**

---

1. The district court also concluded it was appropriate to enforce the waiver of collateral attack rights contained in Metcalf's plea agreement.